## In re SUBMISSION OF CERTAIN BONDS OF THE CITY OF TULSA.

No. 3563.      Opinion Filed March 5, 1912.

**MUNICIPAL CORPORATIONS—Bonds—Duty of Bond Commissioner.**
Where it is agreed that certain bonds were issued by a municipality under the provisions of its charter, and not under any statute of the state, the act of March 24, 1910, makes it the duty of the Attorney General, as ex-officio bond commissioner, to ascertain not only whether authority so to do exists under its charter, but all other facts necessary to determine their validity, and, if valid, to approve the same as provided by said act.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Submission of certain bonds directing Chas. West, Atty. Gen., as *ex-officio* Bond Commissioner, to approve certain street paving bonds of the city of Tulsa. From the judgment, the Attorney General brings error. Affirmed.

*Chas. West,* Atty. Gen., *Ex-Officio* Bond Commissioner, and *L. T. Martin,* Mayor of Tulsa, for plaintiff in error.

*L. J. Martin* and *Jno. R. Ramsey,* for defendant in error.

TURNER, C. J.   On February 1, 1912, the district court of Oklahoma county rendered and entered a judgment directing the bond commissioner of the state to approve certain street paving bonds of the city of Tulsa in the sum of $11,000, issued by said city pursuant to certain provisions of the city charter and under authority of an election duly called and held in said city on August 15, 1911, whereat more than three-fifths of the

qualified property tax-paying voters thereof voted in favor of the issuance of said bonds, which were carried, and thereafter duly presented to said commissioner for his approval, pursuant to the provisions of an act approved March 24, 1910 (Sess. Laws. 1910, p. 182), and which he refused to do. Said commissioner brings the case here by case-made and agreed statement of facts, and assigns for error that said judgment is contrary to law.

It is agreed that said bonds were "not issued under any statutory provision of the laws of the state of Oklahoma, but are issued under the provisions of the charter of Tulsa"; and for the reason that they were so issued the bond commissioner is of the opinion that he has no duty to perform with reference thereto. Declining to accept the concession that the principal question involved is whether the city had the power to issue these bonds pursuant to the provisions of its charter, there is no merit in the contention of the bond commissioner that he had no duty to discharge with reference thereto because so issued. Notwithstanding this objection, and without reference to the regularity of the proceedings pursuant to which they were issued, the duty of said commissioner with reference to said bonds when issued is clear. Said act of March 24, 1910, is entitled "An Act for the protection, validation and sale of bond issues of the state, counties and municipalities and all other political organizations and subdivisions of the state of Oklahoma." Section 1 makes the Attorney General *ex-officio* bond commissioner. Section 2 provides:

"Sec. 2. It shall be the duty of such bond commissioner to prepare uniform forms and prescribe a method of procedure under the laws of the state in all cases where it is desired to issue public securities or bonds, in any county, township, municipality or political or other subdivisions thereof of the state of Oklahoma; and it shall be the further duty of said bond commissioner to examine into and pass upon any security so issued, and such security, when declared by the certificate of said bond commissioner to be issued in accordance with the forms of procedure so provided shall be incontestible in any court in the state of Oklahoma unless suit thereon shall be brought in a court having jurisdiction of the

same within thirty days from the date of the approval of said securities by the bond commissioner."

Concerning his duties thereunder, the court in *State v. West,* 29 Okla. 503, 118 Pac. 146, said:

"Under this statute which defines the powers of the bond commissioner, the duties of the Attorney General are entirely executive or administrative. The uniform forms and methods of procedure which he is authorized to prescribe are such as are permitted under the laws of the state, and, if any conflict arises between these laws and the forms and methods of procedure prescribed, the latter must yield. The Attorney General may ascertain whether statutory authority exists for the issuance of the bonds, whether the essential facts exist upon which the exercise of such statutory authority may be conditioned, and whether the forms and methods of procedure prescribed by the Constitution and statutes have been complied with. These matters he is required to investigate and determine in advance of any controversy in the courts, and before the municipalities of the state have issued their bonds to purchasers, creditors, and others."

This section makes it the duty of said commissioner to not only ascertain whether authority exists under the charter to issue these bonds, but all other facts necessary to determine their validity, and that, too, in advance of any controversy in the courts. This is essential for the reason that, with reference to bonds authorized either by charter or by "statutory provisions of the laws of the state," section 3 of said act provides:

"No bond hereafter issued by any political or municipal subdivision of the state shall be valid (howsoever authorized) without the certificate of said bond commissioner."

Affirmed.

All the Justices concur.